UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AARON C. PORTER,

    Plaintiff,

v.  Case No. 5:19-cv-82-TKW/MJF

MARK INCH, et al.,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida Department of Corrections proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff did not pay the filing fee and instead moved to proceed *in forma pauperis*. (Doc. 3). Plaintiff concedes that he is subject to the "three strikes" bar under 28 U.S.C. § 1915(g), but he contends that he is entitled to proceed *in forma pauperis* because of the "imminent danger" exception. Because Plaintiff has not shown that the "imminent danger" exception applies, the undersigned recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

**I.   Background**

Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against seven Defendants: (1) Mark Inch; (2) M. Neal; (3) Classification Supervisor Carter; (4) Sergeant Smith; (5) Officer Lemons; (6) Mrs. Deason; and (7) John Doe. Plaintiff alleged that these Defendants violated his Eighth and Fourteenth Amendment rights to be protected from violence and sexual assault. (Doc. 1 at 17).

On July 22, 2019, Plaintiff filed an amended complaint. (Doc. 9). Plaintiff claims that, since at least 2016, he has been sexually assaulted and attacked in various Florida prisons. (Doc. 9 at 8-12). Plaintiff also claims that in July 2016, "blood Gang Members" ordered a "hit" on him.  (Doc. 9 at 8).  As relief, Plaintiff seeks $350,000.00 against each Defendant in compensatory damages; $150,000.00 against each Defendant as punitive damages; an injunction that enjoins Defendants from housing sex offenders with non sex offenders; and that Plaintiff be allowed to choose where he is incarcerated. (Doc. 9 at 15).

In his complaint, amended complaint, and motion to proceed *in forma pauperis*, Plaintiff acknowledges that he is subject to the provisions in 28 U.S.C. § 1915(g) prohibiting prisoners from proceeding *in forma pauperis* if they have had three prior cases dismissed for maliciousness, frivolity, maliciousness, or for failure to state a claim. Plaintiff asserts, however, that the "imminent danger" exception applies to his case.

**II.     Discussion**

    **A.     <u>Limitations Imposed by the Prison Litigation Reform Act of 1995</u>**

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the courts with meritless claims, Congress enacted the Prison Litigation Reform Act (PLRA)." *Id.* The PLRA of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

>a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception."). In other words, after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit unless he demonstrates that he is "under imminent danger of serious physical injury." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

Failure to pay the filing fee at the time a Plaintiff submits his complaint warrants dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

**B.     Plaintiff's Three Strikes and Extensive Litigation History**

Plaintiff previously has filed numerous actions in federal courts and has accrued more than three strikes:

(1) *Porter v. Inch, et al.*, No. 4:19-cv-126-WS-CAS (N.D. Fla. Mar. 15, 2019) (pending § 1983 action again Florida prison officials in which Plaintiff claimed that he was in imminent danger of serious physical injury);

(2) *Porter v. Inch, et al.*, No. 3:19-cv-327-BJD-JRK (M.D. Fla. Mar. 20, 2019) (pending § 1983 action again Florida prison officials in which Plaintiff claimed that he was in imminent danger of serious physical injury);

(3) *Porter v. Broward Cty. Sheriff, et al.*, No. 0:16-cv-60327-JEM (S.D. Fla. Aug. 31, 2016) (dismissed for failure to prosecute);

(4) *Porter v. Florida Department of Corrections, et al.*, No. 1:15-cv-12-MW-GRJ (N.D. Fla. Feb. 17, 2016) (dismissed for abuse of the judicial process after the report and recommendation noted that "Plaintiff is a prolific filer, having initiated at least 18 cases in the Middle and Southern Districts while an inmate");

(5) *Porter v. Broward Cty. Sheriff*, No. 0:14-cv-62445-JIC (S.D. Fla. July 24, 2015) (dismissed upon a finding that plaintiff had "a history of abusing the *in forma pauperis* procedure to file frivolous law suits");

(6) *Porter v. Barfield, et al.*, No. 2:07-cv-729-MMH-SPC (M.D. Fla. Dec. 10, 2007) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(7) *Porter v. Davis, et al.*, No. 0:03-cv-60743-MGC (S.D. Fla. June 6, 2007) (settled, along with *Porter v. Nightagale, et al.*, for a total payment of $400);

(8) *Porter v. Knipp, et al.*, No. 3:07-cv-447-VCM-TEM (M.D. Fla. May 24, 2007) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g) and finding that he was not in imminent danger of serious physical injury);

(9) *Porter v. Nightagale, et al.*, No. 0:03-cv-60732-CMA (S.D. Fla. Dec. 30, 2005) (settled, along with *Porter v. Davis, et al.*, for a total payment of $400);

(10) *Porter v. Reed, et al.*, No. 04-61202-JIC (S.D. Fla. Oct. 19, 2004) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g) and noting that Plaintiff was a "multiple filer" who filed over thirteen previous cases);

(11) *Porter v. Broward Cty. Sheriff, et al.*, No. 0:03-cv-61352-ASG (S.D. Fla. Feb. 11, 2004) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(12) *Porter v. Sheriff of Broward Cty.*, No. 0:02-cv-60878-JAL (S.D. Fla. Dec. 8, 2003) (granting cross motion for summary judgment in favor of defendant);

(13) *Porter v. Broward Cty. Sheriff's Office, et al.*, No. 0:02-cv-60932-ASG (S.D. Fla. Sept. 8, 2003) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(14) *Porter v. Broward Cty. Sheriff, et al.*, No. 0:03-cv-61191-CMA (S.D. Fla. Sept. 4, 2003) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(15) *Porter v. Broward Cty. Sheriff, et al.*, No. 0:03-cv-61351-AJ (S.D. Fla. Aug. 4, 2003) (dismissed because Plaintiff had accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(16) *Porter v. Judge Imperato, et al.*, No. 0:03-cv-61128-KAM (S.D. Fla. July 9, 2003) (voluntarily dismissed without prejudice in lieu of dismissal for having accrued more than three strikes pursuant to 28 U.S.C. § 1915(g));

(17) *Porter v. Darry Mitchell, et al.*, No. 0:03-cv-60920-KAM (S.D. Fla. July 8, 2003) (dismissed for failure to state a claim upon which relief may be granted);

(18) *Porter v. State of Florida, et al.*, No. 0:03-cv-60793-WJZ (S.D. Fla. June 9, 2003) (dismissed for failure to state a claim upon which relief may be granted and pursuant 28 U.S.C. Section 1915(e)(2)(B)(iii));

(19) *Porter v. Broward Cty. Sheriff's Office, et al.*, No. 0:03-cv-60789-PAS (S.D. Fla. May 21, 2003) (dismissed for failure to state a claim upon which relief may be granted);

(20) *Porter v. Jones, et al.*, No. 0:03-cv-60594-KAM (S.D. Fla. Apr. 4, 2003) (dismissed for lack of jurisdiction);

(21) *Porter v. Broward Cty. Sheriff's Office, et al.*, No. 0:02-cv-60963-WJZ (S.D. Fla. Sept. 13, 2002) (dismissed for failure to state a claim upon which relief may be granted); and

(22) *Porter v. Noel*, No. 0:02-cv-60876-PAS (S.D. Fla. Aug. 2, 2002) (dismissed for failure to state a claim upon which relief may be granted).

### C.   The "Imminent Danger of Serious Physical Injury" Exception

Despite having accrued three strikes, a prisoner-plaintiff still may proceed *in forma pauperis* when he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege facts which show that that the plaintiff truly is in "imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. A conclusory assertion of imminent danger is insufficient. *See Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).

*See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

A claim by a prisoner that he previously faced an imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Here, Plaintiff makes the following conclusory statement in support of his claim that he is in "imminent danger of serious physical injury:"

> The Plaintiff is under imminent danger of serious physical injury and based on the specific facts in this complaint of ongoing serious physical injury, and of a pattern of misconduct and Sexual Abuse, Battery, amongst other matters, Plaintiff is entitled to proceed with his Good Faith Action.

(Doc. 9 at 13). That statement fails to provide sufficient detail to establish imminent danger of serious physical injury. In his initial complaint, Plaintiff also stated that he had suffered "four sexual abuses" and "two stabbings." (Doc. 1 at 15). But the

majority of the allegations in Plaintiff's complaint and amended complaint concern incidents that purportedly occurred in 2016. (Doc. 1 at 9-14; Doc. 9 at 8-12). Only late in his complaint and amended complaint does Plaintiff allege that in January 2019, he was "sexually abused" by an unnamed inmate and "gang members attempted to stab him." (Doc. 1 at 14, ¶ 25; Doc. 9 at 12, ¶ 25). It is worth noting that this alleged sexual abuse and attempted stabbing occurred at the Columbia Correctional Institution Annex. (Doc. 1 at 14, ¶ 25; Doc. 9 at 12, ¶ 25). Plaintiff is no longer housed at that prison, however. Rather, Plaintiff notified the clerk of the court that he currently resided at the Hamilton Correctional Institution when he filed his initial complaint (Doc. 5), but now resides at the Wakulla Correctional Institution Annex. (Doc. 8). Plaintiff has not alleged that any imminent danger Plaintiff faced at Columbia Correctional Institution followed him to the Wakulla Correctional Institution.

To avail himself of the imminent danger exception, however, a Plaintiff who has accrued three strikes merely must show that he *was* in imminent danger *at the time he filed his complaint*. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). In other words, the complaint "must allege a present imminent danger, as opposed to a past danger." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). At the time he filed his complaint, Plaintiff was still housed at the Columbia Correctional Institution, but he filed his amended complaint, which is the operative

pleading, while housed at the Wakulla Correctional Institution. Plaintiff has not alleged any facts in his complaint or his amended complaint that indicate he is in imminent danger at the Wakulla Correctional Institution.

Regardless, at the time he filed his complaint and amended complaint, the State had already placed Plaintiff in administrative confinement, thereby ensuring that he was not in imminent danger of serious physical injury from other inmates at the time he filed his complaint and his amended complaint. (Doc. 1 at 14, ¶ 26; Doc. 9 at 12, ¶ 26). Plaintiff has not demonstrated that he faced imminent danger of serious physical injury while in administrative confinement. *See Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (holding that the plaintiff sufficiently alleged imminent danger after noting that "he was never placed in protective custody"); *Medberry*, 185 F.3d at 1191, 1193 (concluding that the plaintiff failed to allege imminent danger when prison officials had placed him in administrative confinement).

Because Plaintiff has failed to allege facts indicating that he was in imminent danger of serious physical injury at the time he filed his complaint or his amended complaint, Plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. He still may initiate as many civil actions as he desires, but he must pay the filing fee to do so. Because plaintiff failed to pay the

filing fee at the time he initiated this action, this case should be dismissed without prejudice. *See Dupree,* 284 F.3d at 1236.

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. The Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

2. This case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court be directed to close the case file.

At Panama City Beach, Florida, this 23d day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.